| | United States District Court, Northern District of Illinois | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 04 C 5425 | DATE | 10/25/2004 | |
| CASE TITLE | Ferolie Corp. vs. Advantage Sales & Marketing, LLC, et al. | | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Complaint to Compel Arbitration

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court finds that Petitioner's Complaint fails to properly plead subject matter jurisdiction, and dismisses this case pursuant to Federal Rule of Civil Procedure 12(h)(3). See Opinion and Order of October 25, 2004. The November 5 status date is stricken as moot.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 8 2004 | 18 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | OCT 2 8 2004 | |
| | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEROLIE CORPORATION, ) | |
| ) | |
| Petitioner, ) | No. 04 C 5425 |
| ) | |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| ADVANTAGE SALES & MARKETING, LLC, ) | |
| ALLIED CAPITAL CORPORATION and ) | |
| ADVANTAGE SALES & MARKETING, INC., ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before this court is Petitioner Ferolie Corporation's Complaint to Compel Arbitration. For the following reasons, the case is dismissed.

## I. INTRODUCTION

Petitioner is a brokerage corporation involved in the sale and marketing of food products. In September 2002, Petitioner and Respondent Advantage Sales and Marketing, LLC, ("ASM") entered into a contractual agreement ("Agreement") under which ASM was to provide Petitioner with sales support and other food brokerage services. According to the Agreement, disputes were to be settled by arbitration. Pet. to Compel Arb., Ex. A, ¶ 17. Petitioner alleges that ASM has not fulfilled its obligations under the Agreement, and, pursuant to the Agreement, sues to compel arbitration. Petitioner alleges the diversity jurisdiction of the court. See 28 U.S.C. § 1332 (a)(1).

1

## II. DISCUSSION

This "is a case of confusing pleadings which raises doubt whether there really is diversity." See Dausch v. Ryske, 9 F.3d 1244, 1245 (7th Cir. 1993). "[F]ederal courts are always obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). "We remind the bench and bar of this circuit that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care . . . ." Market Street Assocs. Ltd. P'ship v. Frey, 941 F.2d 588, 590 (7th Cir. 1991); see also Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (reiterating the admonition that litigants and courts must "meticulously review the limits of federal jurisdiction" so as to avoid the "waste of federal judicial resources and delay of justice" that occurs where a case is found to lack subject matter jurisdiction only after proceeding on the merits).

Petitioner seeks to invoke federal diversity jurisdiction, and therefore bears the burden of demonstrating that the requirements of complete diversity are met. See Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). To establish diversity jurisdiction, the party invoking jurisdiction must establish, *inter alia*, that the parties are citizens of different states. See 28 U.S.C. 1332(a). Allegations of jurisdiction based solely upon information and belief are insufficient to establish the diversity jurisdiction of the court. See Page v. Wright, 116 F.2d 449, 451 (7th Cir. 1940).

Petitioner alleges that "upon information and belief," Respondent ASM is "headquartered

in Irvine, California." Pet. to Compel Arb., at 2. Petitioner alleges that "upon information and belief," Respondent Allied Capital Corporation is a Maryland corporation, with its principal place of business in Washington, D.C. Id. Petitioner alleges that "upon information and belief," Respondent Advantage Sales & Marketing, Inc. is a California corporation, with its principal place of business in Washington, D.C. These allegations are clearly insufficient to establish the diversity jurisdiction of the court. See Page, 116 F.2d at 451.

In addition, "in a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Unincorporated enterprises, such as partnerships, take the citizenship of every general and limited partner. See Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); Cosgrove, 150 F.3d at 731. Thus, partnerships are citizens of every state of which any member is a citizen. See Cosgrove, 150 F.3d at 731 ("The citizenship of a partnership is the citizenship of the partners . . . ."). Further, "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" Hart, 336 F.3d at 543 (citing Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002)).

Petitioner alleges only that Respondent ASM is a "limited liability company." Pet. to Compel Arb. at 2. This is clearly insufficient. See Cosgrove, 150 F.3d at 731. How many members are there? Are there various layers of membership? Who are the members? Are any of them a separate business entity such as a corporation or partnership that create additional citizenship questions? At the time of the filing of the Petition, what was the citizenship of each

member of this limited liability company? See Grupo Dataflux v. Atlas Global Group, L.P., 124 S. Ct. 1920 (2004). These are the facts that Petitioner must present to invoke the court's diversity jurisdiction.

Petitioner must invoke the court's diversity jurisdiction, because there is no federal question jurisdiction in this case. "[I]t is settled that federal courts have jurisdiction over suits seeking to compel arbitration . . . only if the parties are of diverse citizenship, or some grant of jurisdiction other than § 1331 applies." Stone v. Doerge, 328 F.3d 343, 345 (7th Cir. 2003). "The Arbitration Act . . . does not create any independent federal question jurisdiction . . . ." Minor v. Prudential Sec., Inc., 94 F.3d 1103, 1105 (7th Cir. 1996) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983)). The Arbitration Act is therefore generally enforced in state courts. Id.

### III. CONCLUSION

For the foregoing reasons, the court finds that Petitioner fails to properly plead the subject matter jurisdiction of the court. The complaint is therefore dismissed, pursuant to Federal Rule of Civil Procedure 12(h)(3).

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

DATED: 10/25/04